

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1630 | **DATE** | 11/5/2003 |
| **CASE TITLE** | Carpenter vs. City of Chicago, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Motions to dismiss the complaint by defendants International Brotherhood of Teamsters Local # 726 and City of Chicago are granted. The claims against LaTanya Dickerson are dismissed on court's own motion. Accordingly, this action is hereby dismissed. Defendant City of Chicago's motion to compel discovery responses and any other pending motion in this case are terminated as moot. Any schedule set in this case is also vacated. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | 3 | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | NOV 0 6 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | | | 11/5/2003 | |
| MPJ | courtroom deputy's initials | 03 NOV -5 PM 5:55 | | date mailed notice | |
| | | | | MPJ | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

RICHARD CARPENTER,             )
                                   )
        Plaintiff,           )
                                   )
      v.                         )
                                   )    No.   03 C 1630
CITY OF CHICAGO; INT'L BROTHERHOOD   )
OF TEAMSTERS, LOCAL 726, AND        )
LATANYA DICKERSON,            )
                                   )
        Defendants.         )

DOCKETED
NOV 0 6 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Carpenter was employed by defendant City of Chicago as a truck driver. On March 2, 2002, Mr. Carpenter was assigned to drive a sub-standard truck. During his shift, Mr. Carpenter called defendant LaTanya Dickerson, a foreman, to report that his vehicle was unsafe to operate. Mr. Carpenter parked the truck and waited for help to arrive. Twenty-five minutes later, when Ms. Dickerson arrived, she accused Mr. Carpenter of sleeping in his truck and spoke to him in a rude and hostile manner. She told him to return to the garage. At the garage, Ms. Dickerson informed her supervisor, Vito Pesoli, that she had seen Mr. Carpenter asleep in his truck. Mr. Carpenter told Mr. Pesoli that this accusation was a lie. Mr. Pesoli fired Mr. Carpenter for calling Ms. Dickerson a liar. Mr. Carpenter then filed this action *pro se* seeking damages against the city and Ms. Dickerson for libel, harassment, defamation of character, and interference with his right to freedom of speech, and against his union,

International Brotherhood of Teamsters Local #726 ("Local #726"), for failing to protect him. The city and Local #726 move to dismiss the complaint. I grant the motions.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in his claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). A *pro se* complaint is held to less stringent standards of pleading than complaints drafted by lawyers. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

Mr. Carpenter has failed to state a claim against the city. A municipality may be liable for a constitutional violation under 42 U.S.C. § 1983 only if the injury resulted from the municipality's policy, practice, or custom, or if the injury was caused by a person with final policy-making authority. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Even *pro se* plaintiffs must at least suggest that the city could be found liable under an *Monell* analysis. *See McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000) (reversing dismissal of a *pro se* civil rights complaint against the city where the plaintiff alleged that the city's "highest level policy-making officers" and a "widespread custom" contributed to his constitutional injury). Mr. Carpenter does not suggest that the city fired him pursuant to an

unconstitutional policy nor that either Ms. Dickerson or Mr. Pesoli had final policymaking authority for the city. Therefore, his First Amendment claim is insufficient under *Monell*.

Mr. Carpenter's remaining claims against the city for libel, harassment, and defamation of character are based in state law. As Mr. Carpenter and the city share Illinois citizenship, and diversity jurisdiction is not available, the only basis for jurisdiction over these claims is supplemental jurisdiction in conjunction with a related federal claim. 28 U.S.C. § 1367(a). The "general rule is that when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims." *Kennedy v. Schoenberg, Fisher, & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1250 (7th Cir. 1994)). Mr. Carpenter's only federal claim against the city fails, and I decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3).

Mr. Carpenter cannot maintain this action against Local #726. The statutory basis for a claim against a union for failing to represent a member fairly is Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. However, that statute does not provide federal jurisdiction with respect to claims against unions that represent municipal employees. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359-60 (7th Cir. 1998). Mr. Carpenter is a citizen of

Illinois, and Local #726, which is located in Chicago, shares that citizenship. Therefore, the complaint against Local #726 must be dismissed for lack of subject matter jurisdiction.[1]

Defendant International Brotherhood of Teamsters Local #726's motion to dismiss is GRANTED. Defendant City of Chicago's motion to dismiss is GRANTED. The claims against LaTanya Dickerson are DISMISSED on the court's own motion.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated:    November 5, 2003

---

[1]Mr. Carpenter also sued LaTanya Dickerson, his supervisor. All claims against Ms. Dickerson are based on state law. Since the federal claims fail, and there is no basis for supplemental jurisdiction on the claims against Ms. Dickerson, they are dismissed.